**REDACTED**

# In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA

**REDACTED**

v.

Criminal Complaint

CASE NUMBER: 07-236-M

Christopher Ewell
Defendant

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about November 26, 2007 in the District of Delaware, Defendant Christopher Ewell did knowingly possess in and affecting interstate commerce, a firearm, after having been convicted on or about October 27, 2004, of a crime punishable by imprisonment for a term exceeding one year, in violation of Title ___18___ United States Code, Section(s) __922(g)(1) and 924(a)(2)__ and further state that I am a(n) Special Agent, Bureau of Alcohol, Tobacco, Firearms, and Explosives and that this complaint is based on the following facts:

**See attached Affidavit**

Continued on the attached sheet and made a part hereof:    Yes

_Veronica M. Hnat_
Veronica M. Hnat
Special Agent, ATF

Sworn to before me and subscribed in my presence,

November 27, 2007    at    Wilmington, DE
Date                            City and State

US Magistrate Judge
Name & Title of Judicial Officer

_signature_
Signature of Judicial Officer

FILED
NOV 27 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

I, Veronica M. Hnat, being duly sworn, state as follows:

1. I am a Special Agent with the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so employed for over eighteen years. During that time, my duties have included the investigation of firearms offenses at both the State and Federal levels. Your Affiant is currently assigned to the Operation Disarm Task Force and has been so assigned since October, 2003. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms offenses on over hundred occasions. Your affiant has participated in over one hundred investigations of firearms offenses and participated in the seizure of over fifty firearms. You Affiant has also had over one hundred conversations with police officers and Federal agents about the facts and circumstances of firearms offenses.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge.

3. The seizure of the below stated evidence occurred on November 26, 2007, in the city of Wilmington, State and District of Delaware, as stated to me by Wilmington Police Officers who have personal knowledge of the stated facts.

4. On November 26, 2007, at approximately 1550 hours, Wilmington Police were on routine patrol traveling northbound in the 2400 block of Jefferson Street, in the city of Wilmington, when they observed a white Buick traveling eastbound on 25th Street disregard a stop sign at Jefferson and 25th Streets. They observed the vehicle continuing eastbound on 25th Street to Washington Street and made a right onto Washington Street, then it proceeded to make a right onto 24th Street. The vehicle continued westbound on 24th Street and again, disregarded a stop sign at 24th and Jefferson Street. The same vehicle then ran another stop sign at 24th and Madison Streets. The Officers followed the vehicle as it turned left on to Madison Street and stopped at a red light at Madison and Concord Avenue. At this time the Officers were behind the vehicle and were able to activate their emergency equipment in an attempt to pull the vehicle over. The vehicle then proceeded across Concord Avenue to Madison Street and pulled over to the side of the road.

5. The Officers observed that the vehicle was a white, 2000 Buick Century with temporary registration of XB690395. As one of the Officers' approached the driver side of the vehicle, he observed the driver trying to remove his jacket. When the Officer was at the driver's window the jacket was now off the driver but still behind him while he was seated in the vehicle. The Officer noticed that the driver, Christopher Ewell, appeared to be very nervous when he explained why they had stopped him. Ewell stated that he was in a hurry to get to

work. The Officer could smell what appeared to be marijuana emitting from the vehicle while Ewell was telling him that he could not get any more tickets.

6. The Officer requested Ewell's driver's license and registration. While Ewell was about to reach over to the glove compartment to retrieve the documents requested he took the jacket from around him and pulled it up high and placed it on the seat next to him. The Officer observed that the jacket hung down heavier on one side, more so than usual, as if there was something weighing it down. As Ewell handed the Officer his license the Officer noticed that Ewell's hand was visibly shaking and he appeared to be very nervous. The Officer requested that Ewell get out of the vehicle for Officer safety.

7. Ewell got out of the vehicle and was patted down for officer safety. While Ewell was being patted down by one Officer, the other Officer patted the jacket down that Ewell placed on the passenger seat of the vehicle. The Officer who patted the jacket down felt what appeared to him, to be a handgun in the left coat pocket. As the Officer picked the coat up higher the object in the pocket forced it to open slightly, which allowed the Officer to see a firearm in the pocket. Ewell was then taken into custody.

8. One of the Officers' walked Ewell back to the patrol car and read him his Miranda Warnings. The Officer asked Ewell if he understood his rights and Ewell indicated that he understood. The Officer asked Ewell what he had in the car. Ewell told the Officer that he had it for protection. The Officer asked Ewell why do you have it and Ewell told him that he has been "beefing."

9. Recovered from the left coat pocket of the jacket that Ewell was in possession of was a loaded Raven Arms, MP25, .25 caliber pistol, serial number 1664855 and four small bags of marijuana. The firearm was loaded with one round in the chamber and three rounds in the magazine.

10. A review of the Delaware Justice Information System indicated that the temporary tag XB690395 was registered to Christopher Ewell. Further review of Ewell's criminal history revealed that Ewell's date of birth is            and has a prior felony conviction and was found guilty of Aggravating Menacing-Displaying What Appears to be a Deadly Weapon on or about 10/27/2004, in Superior Court of Delaware, New Castle County, which is a crime punishable by imprisonment for a term exceeding one year.

11. From your affiant's training and experience, and from prior discussions with ATF Agents who are expertly trained and experienced in determining the interstate nexus of firearms, your affiant knows that the above mentioned firearm was manufactured in a state other than Delaware such that the possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate commerce.

12. Based upon your affiant's training and experience, your affiant submits that there is probable cause to believe the above mentioned seized firearm contained a frame and receiver of a firearm, and that the firearm appeared to be capable of expelling a projectile by action of an explosive.

13. Wherefore, based upon your affiant's training and experience, our affiant believes that there is probable cause to believe that the defendant violated 18 USC 922(g)(1) and 924(a)(2) by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony and respectfully requests that the Court issue a Criminal Complaint charging that offense.

_____
Veronica M. Hnat
Special Agent, ATF

Sworn to and subscribed in my presence
This 27th day of November, 2007

_____
Honorable Lenard P. Stark
United States Magistrate Judge
District of Delaware